```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MASSACHUSETTS
```

**UNITED STATES OF AMERICA** )
                            )
        v.                  ) NO. 03-CR-30044-MAP
                            )
**GARRETT GORDON,**         )
 Defendant                  )


### MEMORANDUM AND ORDER RE: PENDING MOTIONS

April 18, 2006

**PONSOR, D.J.**

Counsel appeared for argument on April 17, 2006 regarding various pending motions. Based on counsel's arguments, the court rules as follows:

1. <u>Defendant's Renewed Motion to Suppress, Dismiss or for Other Relief.</u> (Docket No. 96)

This motion is hereby DENIED. The arguments related to the relative credibility of the witnesses at the suppression hearing have been considered by the court and are not of sufficient significance to justify reconsideration of the court's denial of Defendant's Motion to Suppress. Moreover, the prejudice to the defense resulting from any conduct by the government lacks sufficient magnitude to justify dismissal or other relief.

2. <u>Defendant's Motion to Dismiss Count Three.</u> (Docket No. 99)

The court will rule on this motion when counsel appear in court for a status conference at 9:00 a.m. on the day of trial. The government's opposition to the motion will be filed by 2:00 p.m. on April 19, 2006. Any reply by Defendant will be filed by 2:00 p.m. on April 21, 2006.

3.  **Defendant's Motion for Sanctions for Failure to Provide L.R. 116.2 Discovery.** (Docket No. 100)

This motion is hereby ALLOWED, to the extent that the government is hereby prohibited from offering the testimony of the witness Alex Rankins. Despite a history of problems with pretrial disclosure in this case, the government has failed to comply with Local Rule 116.2 regarding timely provision of discovery related to this witness. The motion is DENIED, without prejudice, with regard to any further requests for sanctions. The extent of the government's failure to comply with the rules and the level of prejudice to Defendant do not justify any harsher sanctions.

4.  **Defendant's Motion for Daubert Hearing and to Exclude Government Expert Testimomy .** (Docket No. 101)

This motion is hereby ALLOWED, to the extent that the court will not permit the government to offer <u>expert</u> testimony from any law enforcement agents regarding the relationship between firearms and drugs. This information can be presented

through fact testimony and argument. No need exists for expert testimony on this point. The motion is ALLOWED with regard to the request for a hearing prior to any testimony from a law enforcement officer that the 4.1 grams of crack cocaine possessed by Defendant was necessarily possessed with the intention to distribute it.

5. <u>Defendant's Motion in Limine Regarding Any Prior Bad Acts.</u> (Docket No. 102)

This motion is hereby DENIED, without prejudice. The issues raised by this motion are addressed, at least in part, by the court's rulings on the government's motions <u>in</u> <u>limine</u> below.

6. <u>Government's Motion in Limine Pursuant to Fed. R. Evid. 609.</u> (Docket No. 106)

This motion is hereby DENIED, without prejudice to its reconsideration if Defendant seeks to testify at trial.

7. <u>Government's Amended Motion in Limine Regarding 404(b) Evidence.</u> (Docket No. 110)

This motion is hereby DENIED, to the extent that the court will not permit testimony regarding Defendant's prior convictions as part of the government's case-in-chief or any general testimony that Defendant has possessed guns in the past. With regard to the witness Shaver, this motion is hereby DENIED, without prejudice. The court will need to hear further

details with regard to Shaver's testimony and whether its probative value outweighs its potentially unfair and prejudicial impact.

8.  **Defendant's Emergency Motion to Preserve Evidence.** (Docket No. 116)

This motion is hereby ALLOWED.  All documents, physical objects, statements, policies, and anything else related to the fingerprint evidence in this case will be preserved and will be made available to the defense in a secure location no later than April 19, 2006.

9.  **Defendant's Motion in Limine to Divide Count One.** (Docket No. 117)

This motion is hereby ALLOWED, to the extent that the court will submit special verdict forms to the jury that will permit them to indicate whether the government's case has been proved beyond a reasonable doubt as to each of the four items mentioned in this count: the .38 caliber firearm, the .38 caliber ammunition, the .25 caliber firearm, and the .25 caliber ammunition.

Finally, regarding Defendant's counsel's letter to the effect that he may call the prosecuting Assistant U.S. Attorney as a witness in this case, the court can only observe that,

absent unusual and pressing circumstances, this will not be permitted.

It is So Ordered.

/s/ Michael A. Ponsor
MICHAEL A. PONSOR
United States District Judge